Mr. Huynh has not been convicted of an aggravated felony for sexual abuse of a child. As counterintuitive as it may seem, sexual exploitation of a minor is a categorical match for sexual abuse of a child. In Iowa, sexual exploitation of a minor can be committed by someone knowingly having a visual depiction and then there is no knowing requirement that they know that the person in that picture is a child so long as that person is engaged in a sex act or a simulated sex act. So that's the least culpable offense that we're looking at when someone has been convicted of this. Let me ask you, though. Your knowingly argument with respect to whether this categorically fits, I know that was raised with respect to the crimes involving moral turpitude. Was it raised and exhausted with respect to whether it categorically fits? Yes, I think that it was raised on both issues. I mean, Mr. Huynh has always, ever since he was in the immigration courts, said that, no, I've not been convicted of an aggravated felony or a CINT. Here are all my reasons. And I think that looking at that specific argument is like, I think it's exhausted if Mr. Huynh says, no, I wasn't convicted of an aggravated felony. Here's why. It's a categorical approach, not a categorical match. You have to make specific arguments. I think that that's a little too specific for what we're talking about. Mr. Huynh says, no, I wasn't convicted of an aggravated felony because the kids are minor. Look at Escobilla-Quintana. The government answers back, oh, well, no, this isn't like a statutory rape case. Look at all these cases where moving hasn't been a requirement. And Mr. Huynh responds back, well, those are all statutory rape cases. So Escobilla-Quintana should apply because this case also has streets of minors over the age of 16 as being children, which Escobilla-Quintana should apply because this is a statutory rape case. It is a statutory rape statute. Less culpable than a statutory rape statute, honestly. In a statutory rape statute, you usually have someone consenting, someone at the age of 17 consenting to sex acts. In this case, we're looking at someone who could be at the age of 17 consenting. The person doesn't know that they're 17, still convicted. So I think it's very odd to say that this isn't a statutory rape case like Escobilla-Quintana, when it really matches everything that we're looking for in what we would call statutory rape. Further, the BIA deserves absolutely zero deference to their definition of sexual abuse of a child. I say definition. They don't have a definition. It is entirely a feelings-based analysis. Well, that is a good question. So I'll ask other counsel, but what is the definition? I would say that it needs to be some sort of sex act or an attempt to commit a sex act. I think that would be what we think of as child sexual abuse. I think that matches what the federal statute says. This is clearly a case of what they want to say is child pornography, what they wish they had brought as child pornography, and it doesn't really fit this statute. Do we know why they did not attempt to accuse your client of an aggravated felony under the child pornography statute? You know, we represented him at that level, so I'm just going to say good lawyering. We were really good and got them to not do that. I have no idea. You know, they try it. We're also going to deny that one, though. How does Aguilar-Sanchez, Judge Grunder's opinion, affect the case? I think the government filed a 28-J saying it supported their argument. Yeah, I think it doesn't affect the case whatsoever. They still have all the same problems with government's arguments. The court doesn't ever say, like, okay, I'm not going to look at Rodriguez-Rodriguez, but this is an entirely different case than Aguilar-Sanchez. It's really more the same from the government. Nothing's really changed in the analysis. There's no attempt for a sex act, you know, like seeing a child and being like, oh, okay, well, let's do some child prostitution or something. But, counsel, even if there's not an aggravated felony here, why isn't there a crime involving moral turpitude? Again, it's because there is not a specific mens rea that a crime involving moral turpitude will require. I think we all agree that knowing that you had a picture of a child would be a crime involving moral turpitude. This one, it doesn't include any sort of knowing that that was a child in the depiction that you had, right? The example I use is there's a 68 version of the play Romeo and Juliet that was nominated for Best Picture. The actress in that, Olivia Hussey, was below the age of 18 and is in sex scenes with the actor. That would be illegal under this statute. Well, I don't know that that proves your case. Maybe it was. I think that only that's involving moral turpitude. If you didn't know that, I mean, I got shown that in school when I was in middle school. At the very least, though, under the statute, the statute requires that he have possession of nude visual depictions of someone else's children. It does require that it be someone's child. It doesn't require that someone know that it would be someone's child, right? And so that's where I don't, so if a crime involving moral turpitude requires some sort of- Can't can't recklessness fit the mens rea requirement? I don't think it requires recklessness. I think you have to know that you have a visual depiction, right? But it doesn't require any sort of mens rea as to age. It doesn't require recklessness. It doesn't require negligence. From the Iowa case law that we've seen, you just have to knowingly have a visual depiction of someone in a simulated sex act. But nothing, nothing involving knowledge either negligently or otherwise as to the age. Your argument to be the generic definition is that there has to be some sort of physical touching. I don't think that there needs to be like even a physical touching, but they're asking some sort of contact between a person, even though they message the child or they try and communicate with the child in order to do something, like just something. But in this one, you don't even have to meet the child. You don't even have to know the child. The child could be 50 years old by the time that you ever come into contact with this. You think that's a distinction between this statute and the child pornography statute? I think that that's a pretty, yeah. Well, we're facing the sexual abuse, right? I mean, that's the term that's used in the aggravated felony statute. So, I mean, abuse has to be somewhere, some sort of action or attempted action, as opposed to a child pornography statute, which, you know, is about having, possessing depictions. Unless there are any further questions. Just one more. You raised Chevron deference. Yeah. I didn't see that in your opening brief. In my opening brief, I said that any catch-all provision was unconstitutionally vague, you know. So I'm already, like, dealing with Chevron deference. But then, I mean, that's when the government came in and said, oh, well, you really need to have some Chevron deference here. So in the reply brief, we said, no, don't have the Chevron deference. I'll reserve the rest of my time. Thank you. Good morning, Ms. Nahas. Good morning, Your Honors. May it please the Court, my name is Rebecca Nahas, and I'm representing the United States Attorney General. The Court should affirm the agency's conclusion that petitioner is removable for sexual abuse of a minor aggravated felony. Petitioner doesn't really challenge matter of Rodriguez-Rodriguez. Instead, he says that the generic definition of sexual abuse of a minor has three requirements that his statute supposedly doesn't satisfy. And I think he's wrong on all three counts. And I'm going to start with the requirement that he alleges of actual physical contact or some sort of direct communication between the offender and the victim. Matter of Rodriguez-Rodriguez adopted 3509A precisely because it doesn't require that sort of touching or contact. And the board reasoned that there was nothing in the Immigration and Nationality Act that indicated that Congress intended to limit sexual abuse of a minor to that sort of conduct. And the circuit courts agree, five circuits, the 4th, the 5th, the 7th, and the 9th, and the 11th, all agree that contact between the offender and the victim is not required to constitute sexual abuse of a minor. And I'll point out that Matter of Rodriguez-Rodriguez and Zavala in the 5th Circuit were both considering an exposure statute. And the statute didn't require that the victim, the minor, actually know that the person was exposing themselves. So that is also support that there isn't this need to have a direct interaction between the offender and the victim. Counsel, I tend to agree with you on that, but I'd like to look under the categorical approach at the statute of conviction. And I apologize for the somewhat graphic nature of these questions, but I think they get to the point here. Under the Iowa statute, wouldn't that encompass a nude visual depiction of a minor showing their breasts or buttocks, but not their pubic area or genitals? Yes, it would. But it would have to be for the purpose of gratifying the offender. But our court has held repeatedly that that does not constitute a lascivious exhibition for purposes of the definition that I believe you are using. I believe, Your Honor, it is referring to the obscenity case law. No, the child pornography. Child pornography. I'm unaware of that, but I do think that... We've held repeatedly that nude visual depictions of children that only show breasts or buttocks don't fall under the statute at all. Under the federal statute. So what are you looking to say that this is an aggravated felony? Let me just pull up the definition of sexual act in Iowa. It's a nudity of a minor for the purpose of arousing or satisfying the sexual desires of a person. Right, and you've already admitted to me that it would include images that did not include the genitals. I think that's right. One case comes to mind that I read through and it was a father who took a nude picture of his daughter and he was challenging the sexual intent part of it and he was prosecuted. And our position is that sexual abuse of a minor under the Immigration and Nationality Act doesn't have to mirror the federal child pornography statute. That it's broad enough to encompass some of this other type of conduct. And certainly I think that hypothetical of the father taking a photo with this sexual intent of his daughter is certainly abusive towards children under the Immigration and Nationality Act. So the brief doesn't seem to really defend the crime involving moral turpitude conclusion of the BIA. Why not? Well, Your Honor, we think that the board needs to take a look at it again because the generic definitions of sexual abuse of a minor and crime involving moral turpitude are very different analytically. And so crimes involving moral turpitude, the focus is really on the culpability of the offender and their mental state. And so we think the board needs to look at whether Iowa, in fact, doesn't require knowledge as to the victim's age. It's sort of unanswered in the state case law. And then also determine whether its generic definition of sexual abuse of a minor would include, if it doesn't require that knowledge, whether it would be sufficiently culpable. So are you saying that on this record we can't tell whether it was a CIMT? Well, we thought that the board, because the term crime involving moral turpitude is so ambiguous and the board is the expert in defining that term, that it would be more appropriate for the board to determine whether the term would include that type of conduct. Does that mean the board didn't make a decision on CIMT here? Well, the board did decide it and they said that the statute does not require knowledge as to the age of the victim. But it cited an Eighth Circuit case that affirmed an Iowa Supreme Court case that was actually discussing the production of child pornography provision in Iowa. So it's not exactly settled whether Iowa does or doesn't require knowledge as to the age of the victim. So we'd like for them to look at that again and then determine whether it would meet the generic definition. Okay. On Judge Graza's first point, or at least earlier point, as the generic definition, the board uses 3509, right? Correct. And does 3509 mention lasciviousness at all? I don't think it uses that term, but it does have a quite broad definition of sexually explicit conduct. So sexually explicit conduct means sexual intercourse, sexual contact. This is quite graphic, so let me get to the point. Breast, inner thigh, buttocks of any person with an intent to abuse, humiliate, harass, or gratify a sexual person. So that's under 3509A-9A. So it does line up in that sense in terms of the body parts. But turning back to the question of knowledge as to the age of the victim with respect to sexual abuse of a minor, we don't believe that petitioner has exhausted that claim. He raised it below in the context of a crime involving moral turpitude, which I mentioned is a very different analytical framework. There's different generic definitions. And so the board wasn't on notice that petitioner was making that claim, and the board didn't address it. So we think it would be inappropriate for the court to address it. And in terms of the third requirement petitioner argues is included in generic SAM, but that his statute doesn't satisfy the age of the victim, we think that Esquivel-Quintana is not controlling because the Supreme Court in Esquivel-Quintana was very clear, as this court recognized in Aguilar-Sanchez, that it was simply deciding the definition of minor in this very specific and narrow context of statutory rape crimes. And it even said that we're not defining minor for every case. For example, offenses that involve a special relationship of trust would justify defining minor as under 18. And we think possession of child pornography is certainly more serious and aggravating than statutory rape. This isn't Romeo and Juliet. Again, we're not under – the accusation is not child pornography, right, in this case? Possession of child pornography. I mean, the statute is labeled sexual exploitation of a minor, but it's possession of child pornography. But for purposes of the aggravated felony allegation, it was my understanding it was not under the federal pornography statute. Correct. DHS did not charge petitioner under that aggravated felony provision. And I anticipate your question. I'm not sure why. There's, you know, matching up of body parts is required. The absurdity of the categorical approach is really highlighted with that provision. So I think that's why, you know, the agency went with aggravated felony, sexual abuse of a minor. And I'll just point out that we do think possession of child pornography is much more serious. This is possessing images that can exist indefinitely and be shared potentially by millions of people. And the harm that that inflicts on minors is certainly severe. And so it justifies setting the age of the minor at 18 rather than 16. And I'll just note that if the court does decide to reach whether a sexual acknowledges to the victim's age is required, that this court ingrinds in a sentencing enhancement context, and the circuit courts roundly agree that that requirement is not a part of sexual abuse of a minor for aggravated felony purposes because it would exclude from the provision a swath of sexual conduct that the states criminalize. So with that, we ask that you affirm the agency's decision finding petitioner removable. Thank you, Your Honors. Thank you. Thank you. So the way this case is like statutory rape is a 17-year-old can consent to being photographed, and then just like a 17-year-old can consent in a statutory rape case to having sex. But then we'll prosecute that for them anyway. It's not a child pornography case. DHS just could not prove that they're child pornography allegations, and so they're trying to fit this square peg in this round hole and trying to make you all see it anyway. I mean, if they really wrote the statute and they said sexual abuse of a child, and then also wrote child pornography, that would be an overlapping statute. And they're trying to have you adopt this Rodriguez-Rodriguez definition of what that is, even though that's not based on anything other than the feelings of the individual adjudicators at the time about whether this protects children or not. The attempt to say that the argument that there was no knowledge as to the victim's age, one, all the adult case law says that there is no requirement as to the victim's age. That's not worthy of dispute. This goes down to the BIA. It's just wasting your time. You should say it's not a CIMT right now. To say that it wasn't in front of the BIA, that they weren't on notice about it, is ridiculous. It has been part of this record and this argument since the very beginning, as when Mr. King denied that he was both, that that was an aggravated felony, and when he denied that it was a CIMT. He's always arguing that it wasn't an aggravated felony, and you should consider the fact that he had to have knowledge under the statute. He's always brought that argument. Any other view would be a hyper-technical defeat of the entire purpose of exhaustion. Thank you. Thank you. The court appreciates both counsel's appearance and argument today. The case is submitted and will issue an opinion in due course.